IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT JEROME WILLIAMS JR.                                                                    PLAINTIFF

v.                                        Case No. 1:21-cv-01005

GUY HUGHES, Detective Crossett Police
Department; JUSTIN DUBOSE, Detective
Crossett Police Department; DAVID CASON,
Deputy Prosecuting Attorney; and THOMAS
DEAN, Deputy Prosecuting Attorney                                                            DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Robert Jerome Williams Jr. pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff is currently an inmate in the Arkansas Division of Correction,[1] East Arkansas Regional Unit in Marianna, Arkansas. He filed his original complaint on January 11, 2021. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). In response to this Court's order, Plaintiff filed an Amended Complaint to clarify his claims on January 28, 2021. (ECF No. 6). Plaintiff states that at the time of the alleged incidents he "wasn't facing any charges was a free American citizen." *Id.* at p. 3. When asked to provide the date of his conviction or probation or parole revocation he states "March, 2018." *Id.*

---

[1] The Arkansas Department of Correction was reorganized in 2019 to become the Arkansas Department of Corrections. The new Department is a Cabinet level department within the Arkansas State Government which includes the Division of Correction and the Division of Community Correction.

Plaintiff names the following individuals as Defendants in the Amended Complaint: Guy Hughes and Justin Dubose — detectives with the Crossett Police Department, and David Cason and Thomas Dean — Deputy Prosecuting Attorneys in Monticello, Arkansas. (ECF No. 6, pp. 2-3). Plaintiff asserts three claims and is suing Defendants in their official capacities. He is seeking compensatory and punitive damages. *Id.* at pp. 4-7.

Plaintiff describes Claim One as "my Constitutional rights were violated Admendment 1, 4, 5, 8, 13, 14." (ECF No. 6, p. 4). He alleges that on March 1, 2018, all Defendants "wrongfully accused, detained and prosecuted for a crime [Plainitff] did not commit." *Id.* He describes his official capacity claim as, "I was accused, unlawfully detained and maliciously prosecuted." *Id.* at p. 5.

Plaintiff describes Claim Two as "my human rights was violated. Article 1, 3, 4, 5, 7, 9, 11(2), 12, Article 25(1), 27." (ECF No. 6, p. 5). He alleges on March 1, 2018, all Defendants deprived him of "[his] freedom and pursuit of happiness as well as [his] liberties." *Id.* Plaintiff goes on to specifically describes his official capacity claim, stating, "I was detained 1 year and 6 months. I was forced out of my liberties all stemming from improper investigations." *Id.* at p. 6.

In Claim Three Plaintiff states, "I claim that my Civil Rights were violated. / Redress /." (ECF No. 6, p. 6). He alleges all Defendants violated his "right to equal treatment under the law. . . ." *Id.* Plaintiff describes his official capacity claim against the Defendants as "liberties guaranteed to all individuals by law, custom, etc. Rights caused the violation." *Id.* at p. 7.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, a *pro se* plaintiff must allege specific facts sufficient to support a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Defendants Hughes and Dubose are identified by Plaintiff as Detectives with the Crossett Police Department who investigated Plaintiff in 2018.  Plaintiff describes Defendants Cason and Deen as Deputy Prosecuting Attorneys employed by the "Office of Prosecuting Attorney" in Monticello, Arkansas, who were involved in pursuing criminal charges against Plaintiff.

Plaintiff has failed to allege plausible official capacity claims against any of the Defendants.  Official capacity claims are "functionally equivalent to a suit against the employing governmental entity."  *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010).  In this case, Plaintiff's official capacity claims against Defendants Hughes and Dubose are treated as claims against the City of Crossett, Arkansas.  His claims against Defendants Cason and Dean are treated as claims against Monticello, Arkansas.  *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish municipal liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). Plaintiff fails to identify any custom, policy, or practice of the City of Crossett, or the City of Monticello which violated his constitutional rights. Accordingly, Plaintiff's official capacity claims should be dismissed.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's claims against all Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 6th day of April, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge